IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00821-PAB

DR. NANCY RIZZO,

 Petitioner,

v.

GLOBAL WELLNESS INNOVATION FUND, LLC,

 Respondent.

---

## ORDER

---

 The Court takes up this matter *sua sponte* on the Petition to Compel Arbitration Award [Docket No. 1].  Petitioner asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 1–2, ¶ 4.

 In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Petitioner asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 1–2, ¶ 4.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  The allegations regarding the citizenship of the parties, however, are not well-pled.

The petition states that petitioner is an "individual residing at 76 John Halford Court, Hendersonville, NC 28792."  Docket No. 1 at 1, ¶ 2.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter

is determinative of a party's citizenship.  See *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices").  Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  See *Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

The petition states that respondent Global Wellness Innovation Fund, LLC ("GWIF") is a "limited liability company formed under the laws of the state of Delaware with its principal place of business at 11040 Bollinger Canyon Road, Suite E, San Ramon, CA 94582."  Docket No. 1 at 1, ¶ 3.  The citizenship of a limited liability company, however, is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members.  See *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts

must include all the entities' members."). Petitioner has neither identified its members nor alleged each member's citizenship. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

Because the allegations regarding both petitioner's and respondent's citizenship are not well-pled, the Court is unable to determine the citizenship of either party and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **April 25, 2022**, petitioner shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED April 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge