IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00821-PAB-MEH

DR. NANCY RIZZO,

    Petitioner,

v.

GLOBAL WELLNESS INNOVATION FUND, LLC,

    Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Petitioner's Petition to Confirm Arbitration Award ("Petition"). ECF 1. For the following reasons, the Court respectfully recommends granting the Petition.

**I.**    **Background**

    Petitioner brings this action under the Federal Arbitration Act ("FAA") to confirm an arbitration award entered in her favor against Respondent. *Id.* at 1, ¶ 1. The parties entered into an Independent Consultant Agreement on May 7, 2018, which included a binding arbitration clause. *Id.* at 2, ¶ 6. The arbitration clause provided that "[i]f the parties are unable to resolve [a] dispute through mediation, the parties agree to submit the dispute to binding arbitration . . . with the Colorado regional officer of the American Arbitration Association ("AAA") and a single arbitrator shall be appointed . . ." *Id.* Further, the arbitration clause established that "[t]he decision of the arbitrator shall be binding upon the parties. Judgement to enforce the decision of the arbitrator, whether for legal or equitable relief, may be entered in any court having jurisdiction thereof . . ." *Id.*

Respondent initiated the arbitration on September 28, 2020, asserting claims for breach of contract, copyright infringement, patent infringement, misappropriation of trade secrets, conversion, and unjust enrichment. *Id.* at 2, ¶ 7. The arbitration hearing took place on October 25-27, 2021. *Id.* On December 23, 2021, the arbitrator issued an Interim Award in favor of Petitioner on all claims and found her to be the prevailing party. *Id.* at 3, ¶ 8. Petitioner submitted a request for award of attorneys' fees and costs, which the arbitrator granted. *Id.* The arbitrator issued a Final Award which ordered Respondent to pay Petitioner $135,705 in attorneys' fees and $4,136.77 in costs, plus interest at the statutory rate of 8% from the date of the Final Award until satisfied. *Id.*; *see also* ECF 1-2 (Final Award).

Now, Petitioner asks this Court to confirm that Final Award under 9 U.S.C. § 9 and enter judgment pursuant to 9 U.S.C. § 13. ECF 1 at 4. In the Petition's certificate of conferral, Petitioner's counsel indicates that Respondent "does not oppose the relief requested herein." *Id.* at 5. Petitioner effected service of the Petition on Respondent's registered agent on July 5, 2022. ECF 12. Respondent has not responded to the Petition or otherwise actively participated in this case. Regardless, based on the completion of service and Petitioner's counsel's representation that the relief sought is unopposed, the Court proceeds to considering the Petition.

**II.   Discussion**

Petitioner requests confirmation of the arbitration award under Section 9 of the FAA. That statute provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. As the plain language of the statute indicates, the Court "must" confirm the award unless an exception applies. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.' There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). Case law establishes that confirmation of an award is "a summary proceeding separate and distinct from an action to enforce the award." *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, No. 11-cv-00970-PAB-MEH, 2013 WL 4494304, at *2 (D. Colo. Aug. 21, 2013) (citing cases).

To begin, the Court must first establish that it has subject matter jurisdiction over the action. "The FAA does not create any independent federal-question jurisdiction, so there must be diversity of citizenship or some other independent basis for federal jurisdiction before a court can act under the FAA." *Matios v. City of Loveland*, No. 22-1047, 2022 WL 2734270, at *2 (10th Cir. July 14, 2022) (cleaned up). "For a petition to confirm an arbitration award under Section 9 of the FAA, like the one at issue here, courts do not 'look through the . . . applications' to determine whether it would have jurisdiction over the underlying dispute. Courts look only to the face of the petition to confirm the arbitration award." *Id.* (internal citation omitted). In this case, Chief Judge Brimmer already determined that the Court has subject matter jurisdiction. ECF 7. Specifically, he discharged his order to show cause based on Petitioner providing additional information that she is a citizen of North Carolina, and Respondent is a citizen of California, Virginia, and China. ECF 6. Coupled with the fact that the amount in controversy exceeds $75,000, these facts establish that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Finally, on the issue of whether to confirm the award, the Court starts by noting that the parties' agreement to arbitrate grants the Court the power to confirm the arbitration award. *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (finding that "a district court has no power to confirm an arbitration award under § 9 of the FAA unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation"). Further, no party argues, nor is there any other indication, that the award "is vacated, modified, or corrected." 9 U.S.C. § 9. In fact, Respondent confesses to the relief sought. ECF 1 at 5. Because "there is no dispute regarding the propriety of the award," *Gorsuch, Ltd.*, 2013 WL 4494304, at *3, the Court must grant the Petition.

## III. Conclusion

For the reasons stated herein, the Court respectfully recommends that the Petition [filed April 5, 2022; ECF 1] be **granted**, and the Final Award attached to the Petition as Exhibit B (ECF 1-2) be **confirmed**.[1] Additionally, in compliance with 9 U.S.C. § 13, Petitioner should file the following papers with the Clerk of Court:

    (a)    The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award;

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

(b) The award; and

(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

Respectfully submitted this 22nd day of August, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge