IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00821-PAB-MEH

DR. NANCY RIZZO,

    Petitioner,

v.

GLOBAL WELLNESS INNOVATION FUND, LLC,

    Respondent.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on August 22, 2022 [Docket No. 14]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 14 at 4 n.1; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 22, 2022. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

    **ORDERED** as follows:

    1.  The Recommendation of United States Magistrate Judge [Docket No. 14] is **ACCEPTED**;

    2.  Plaintiff's Petition to Confirm Arbitration Award [Docket No. 1] is **GRANTED**;

    3.  The Final Award, Docket No. 1-2, is **CONFIRMED**; and

    4.  This case is closed.

DATED October 19, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).